# SUPREME COURT
## STATE OF KANSAS

### JANUARY TERM, 1919

#### PRESENT:

Hon. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
Hon. ROUSSEAU A. BURCH,
Hon. HENRY F. MASON,
Hon. SILAS W. PORTER,
Hon. JUDSON S. WEST, } JUSTICES.
Hon. JOHN MARSHALL,
Hon. JOHN S. DAWSON,

---

#### No. 21,136.

### J. S. WINKLER et al., Partners as THE WINKLER OIL COMPANY, Appellants, v. W. H. ANDERSON et al., Appellees.

#### SYLLABUS BY THE COURT.

OIL AND GAS WELLS—*Unlawful to Operate within 100 Feet of Right of Way of Railways—Statute Constitutional.* The statute making it unlawful to drill or operate oil or gas, wells within 100 feet of the right of way of any steam or electric line of railway, does not contravene the provisions of the constitution of the state of Kansas, or the provisions of the constitution of the United States, and is the product of a proper exercise of the police power of the state.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed January 11, 1919. Affirmed.

*John J. Jones,* and *James A. Allen,* both of Chanute, for the appellants.

*W. H. Anderson,* of Iola, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to enjoin enforcement of the penal provision of the statute making it unlawful to drill or operate oil or gas wells within 100 feet of the right of way of

any steam or electric line of railway. An injunction was denied, and the plaintiffs appeal.

The plaintiffs have an oil and gas lease of a strip of ground from 37 to 50½ feet wide, adjoining the right of way of the Atchison, Topeka & Santa Fe railroad on the south. The right of way is 100 feet wide. The track is in the center of the right of way, and the plaintiffs have two producing wells within the limits denounced by the statute. The owners of a lease adjoining the plaintiffs' property on the south are operating a producing well 83 feet from the plaintiffs' south line.

The plaintiffs' lease is entirely valueless if the statute be valid. The claim is that the statute was not the product of a proper exercise of the police power of the state; that it deprives the plaintiffs of property without compensation and without due process of law; that it denies the plaintiffs the equal protection of the law; and that it abridges the privileges and immunities of the plaintiffs, contrary to the provisions of the constitution of the state of Kansas, and of the constitution of the United States.

The question is a very narrow one. The police power extends not only to the protection of the public safety, health, and morals, but also to the promotion of the common convenience, prosperity, and welfare. (*The State v. Wilson,* 101 Kan. 789, 794, 168 Pac. 679.) While oil and gas wells are not nuisances *per se,* and the business of drilling and operating them is ordinarily legitimate and harmless, it is conceivable that they may become detrimental in a high degree. The greed for mineral in a rich field becomes insatiate. Steam and electric railway rights of way may be exploited, and unless the works, structures, establishments, activities and products of mining operations be kept at a safe distance from railway tracks, life and property might be endangered, commerce impeded, and the general welfare seriously affected. If the legislature acted from some such considerations as these, it possessed power to fix a limit within which drilling and operating should not intrude, and the court is unable to say that a free space of 100 feet is unreasonable.

The judgment of the district court is affirmed.